954

BRADLEY-TURNER MINES, INC., a
corporation, Appellant,

v.

Henry E. BRANAGH, as Forest Super-
visor, Tahoe National Forest, Califor-
nia, and M. G. Barnum, as California
Regional Forester, United States Forest
Service, Appellees.

No. 17197.

United States Court of Appeals
Ninth Circuit.

Sept. 13, 1961.

Chas. L. Gilmore, Sacramento, Cal., for
appellant.

Ramsey Clark, Asst. Atty., Gen., Roger
P. Marquis and Raymond N. Zagone,
attys., Dept. of Justice, Washington, D.
C., Laurence E. Dayton, U. S. Atty., and
William B. Spohn, Asst. U. S. Atty., San
Francisco, Cal., for appellee.

Before HAMLIN, JERTBERG and
KOELSCH, Circuit Judges.

HAMLIN, Circuit Judge.

Bradley-Turner Mines, Inc., appellant
herein, filed a complaint in the United
States District Court for the Northern
District of California, Northern Division,
seeking an injunction restraining Henry
E. Branagh, as Forest Supervisor, Ta-
hoe National Forest, and M. G. Barnum,
as California Regional Forester, United
States Forest Service, appellees herein,
from conveying or contracting to convey
any rights in timber on unpatented min-
ing claims in plaintiff's possession. A
temporary restraining order was issued
on May 2, 1960, but a preliminary injunc-
tion was denied on May 27, 1960. On the
motion of appellees the suit was dismiss-
ed on September 16, 1960, for want of
jurisdiction. It is from the dismissal
that appellant brings this appeal. This
court has jurisdiction under the provi-
sions of 28 U.S.C.A. §§ 1291 and 1294.

The complaint alleges that Bradley-
Turner Mines, Inc., is the owner in pos-
session and is entitled to possession
of certain mining locations situate
in Tahoe National Forest; that the
appellees, purporting to act in their offi-
cial capacities, advertised for sale all of
the standing timber upon the mining
claims, held a public sale, and made the
sale for the sum of $217,136.90; that the
timber upon the claims is necessary for
use in the operations of the mines; and
that unless enjoined by the court the ap-
pellees will enter into a contract whereby

the timber will be removed. The complaint then asked that the appellees be enjoined "from proceeding in any manner to enter into any contract of any kind or character giving and granting to any alleged purchaser of any of the timber thereon, the right to cut, remove or otherwise take from said premises any of said timber," and also sought a preliminary injunction and "such damages as may be proven."

The appellees answered the complaint stating that the timber is the property of the Federal Government, the appellant does not need the timber in its mining operations, the Federal Government will be damaged to the extent of some $200,-000 if the timber is not removed, and that the government has the right to sell the timber. Affidavits submitted by the government stated that there was dead and fire-damaged timber on the Bradley-Turner claims and that such timber, prone to decay and infestation by insects, is a menace to the remainder of the National Forest. One affidavit concluded by saying:

"For the reasons I have given, the fire-killed and dying timber lying on the Bradley-Turner claims mentioned in the complaint must be sold and harvested promptly, for if this is not done it may be expected to deteriorate rapidly. If the government is not allowed to sell it, the deterioration and damages may amount to as much as $200,000.00. Additionally, the continued presence of this timber in the forest, by harboring insect infestation and disease, will be a hazard to adjacent stands of unburned living timber."

On the basis of the affidavits and the pleadings, a preliminary injunction was denied by the district judge. The reasons, given in the *Findings* dated June 7, 1960, are as follows:

"1. The timber in question and the lands on which it stands are owned by the United States of America, as part of the Tahoe National Forest.

"2. The unpatented mining locations claimed by the plaintiff are subject to the paramount title of the United States of America, and the plaintiff's rights therein are limited to use of land and timber for mining purposes.

"3. Under applicable statutes and regulations, and in the emergency situation found above, the Regional Forester has authority to dispose of said timber as proposed in the aforesaid prospectus dated April 1, 1960.

"4. The plaintiff has failed to show that it is entitled to an injunction restricting the defendants from proceeding to remove, or have removed said timber pending trial herein.

"5. The defendants should not be restrained nor enjoined from proceeding with the disposal of the timber, pursuant to the aforesaid prospectus."

The preliminary injunction was thus denied; and before the matter was heard on the question of whether a permanent injunction should issue, the government moved on July 1, 1960, to dismiss the suit on the ground that the action was in fact one against the United States and that the district court lacked jurisdiction. On September 16, 1960, the district judge dismissed the suit "under Rule 12 of F.R.Civ.P., 28 U.S.C.A., for want of jurisdiction, as a suit against the United States." On November 10 the appellant gave notice of appeal "from the final judgment entered in this action on September 16, 1960."

The case of Larson v. Domestic & Foreign Commerce Corp., 1949, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628, controls the issue presented to this court. The Supreme Court there said:

"[T]he action of an officer of the sovereign (be it holding, taking or otherwise legally affecting the plaintiff's property) can be regarded as so 'illegal' as to permit a suit for specific relief against the officer as an

individual only if it is not within the officer's statutory powers or, if within those powers, only if the powers, or their exercise in the particular case, are constitutionally void." 337 U.S. at page 701, 69 S.Ct. at page 1467.

"Since the sovereign may not be sued, it must also appear that the action to be restrained or directed is not [the] action of the sovereign. The mere allegation that the officer, acting officially, wrongfully holds property to which the plaintiff has title does not meet that requirement. True, it establishes a wrong to the plaintiff. But it does not establish that the officer, in committing that wrong, is not exercising the powers delegated to him by the sovereign. If he is exercising such powers the action is the sovereign's and a suit to enjoin it may not be brought unless the sovereign has consented." 337 U.S. at page 693, 69 S.Ct. at page 1463.

In view of the requirements set forth in the Larson case, we find that the district court was correct in dismissing the complaint. There is no allegation in the complaint that the appellees were acting beyond the scope of the powers delegated to them by the sovereign, nor is there any allegation that the powers, or their exercise in the particular case, are constitutionally void. Therefore the suit is one against the sovereign. There is no allegation that the sovereign has consented to be sued, and without such consent the courts have no jurisdiction over the sovereign.

We hold that the appellant has failed to allege facts that would establish jurisdiction in the district court, and that the district court was correct in dismissing the suit.